UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREAS JANOS ERICH SZOMBATHY,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-1172-CCB-SJF

**OPINION AND ORDER**

Immigration detainee Andreas Janos Erich Szombathy, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondents have answered the petition, and Szombathy has filed a reply. ECF 8, ECF 9. The petition is ready to be decided.

BACKGROUND

Szombathy was born in Germany to a German mother and Hungarian father. He arrived in the United States in 1971 at the age of 3 as a nonimmigrant visitor. ECF 8-1 at 8-10. He was ordered removed to Germany in 1992 based on charges of remaining in the United States beyond the authorized period and of being convicted of crimes involving moral turpitude, namely burglary convictions in 1985, 1988, and 1999, and a forgery conviction in 1988. *Id.* at 2-5. He was released from immigration detention in 1993 on an Order of Supervision about six months after he was ordered removed

because there was no significant likelihood of removal to Germany within the foreseeable future. *Id.* at 6-7.

Szombathy's immigration records list several other criminal convictions following his release on supervision. In 1995, he was convicted of burglary. ECF 8-1 at 10. Then, in 2001 and 2006 he was convicted of driving on a suspended/revoked license. *Id.* And, finally, in 2013, Szombathy was convicted of an aggravated DUI and related charges. *Id.*

In April 2026, Immigration and Customs Enforcement (ICE) revoked Szombathy's Order of Supervision under 8 C.F.R. § 241.4(*l*) for violating a condition of his release, citing the 2015 DUI conviction and a failure to maintain reporting requirements. ECF 8-1 at 13-14. Szombathy was arrested pursuant to a warrant on April 11, 2026. *Id.* at 12. He received an informal interview on April 12, 2026, and about three months later Szombathy had a custody review in which ICE determined he would remain in custody because his release would pose a danger to the community. *Id.* at 15, 24-26.

Szombathy filed this habeas petition in August 2026, arguing his continued detention was unlawful because his removal was not reasonably foreseeable. He claimed his removal was not reasonably foreseeable because under German law at the time of his birth, he was ineligible for citizenship and so is not recognized as a German citizen. *Id.* He further argues the fourteen-year gap between his last conviction and the decision to revoke his Order of Supervision suggests ICE deemed that his removal

remained unforeseeable during that time period as well, and ICE has provided no reason to believe circumstances have changed.

In answering the petition, the Warden argues that Szombathy's removal is reasonably foreseeable. ECF 8. The Warden provides a declaration from a Supervisory Detention and Deportation Officer, detailing the steps that have been taken to effectuate Szombathy's removal. The officer relates that on May 20, 2026, a travel document request was submitted to the Consulate General of Germany in Chicago, Illinois. ECF 8-2 at 4. The Warden disputes Szombathy's claim that he is not a German citizen, citing to German Embassy guidelines clarifying citizenship status of individuals born in their territory under the same conditions as Szombathy as evidence that he has a claim to German citizenship. ECF 8 at 5. The deportation officer attests that once travel documents are issued, ICE will expeditiously coordinate his removal by commercial air or an ICE-initiated charter. ECF 8-2 at 5.

In reply, Szombathy reiterates that the government has not established his removal is reasonably foreseeable. He asserts there has been no change in circumstances regarding the foreseeability of his removal to Germany since his initial order of removal in 1993, when the Government was unable to obtain travel documents. Further, he notes that there have been no documented responses or follow-ups with Germany regarding his travel documents since the initial submission in May 2026.

<u>SUBJECT MATTER JURISDICTION</u>

The Warden first argues that the court lacks subject matter jurisdiction over Szombathy's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has

thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang v. English*, No. 3:25-CV-1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (discussing § 1252(b)(9) and § 1252(g)); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the Warden first argues that Szombathy's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention pending execution of a removal order. However, beyond the "removal period,"[1] which for Szombathy ended during his initial detention in 1993, continued detention is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). The Supreme Court has instructed that once removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes-sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Szombathy's initial and subsequent period of detention cumulatively exceed six months, the court turns to whether his removal is reasonably foreseeable.

Szombathy has provided good reason to believe his removal is not reasonably foreseeable based on the uncertain status of his German citizenship and the lack of any demonstrable progress towards his removal to Germany. The Warden suggests Szombathy has a claim to German citizenship, but he has provided no evidence that the German government agrees with that assessment. The travel document request to Germany has been pending for more than four months without any indication of success. The Warden provides no insight into when Germany might respond to the request, nor does he provide any evidence that this request will yield a different result than the request made in 1993. Consequently, the court finds that the Warden has not demonstrated that Szombathy's removal is reasonably foreseeable. He must be released.

Because the court finds Szombathy's removal is not reasonably foreseeable, it is unnecessary to reach Szombathy's argument regarding the lawfulness of the revocation of his Order of Supervision.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondents to release Szombathy on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **October 7, 2026**; and

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on October 6, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT